RICHARD B. WILLIAMS vs. ROSS WINANS.

A parol acceptance of a draft or bill will bind the acceptor. A promise to accept made before the acceptance of the bill, will amount to an acceptance in favor of the person to whom the promise was communicated, and who took the bill on the credit of it. An acceptance may be implied as well as expressly given. An acceptance, after the time of payment, is good, and binds the acceptor.

This was an action of assumpsit brought in the Court of Common pleas of the county of Sussex, by Ross Winans against Richard B. Williams. A verdict and judgment were rendered for the plaintiff, and removed into this court by writ of error. During the trial several bills of exceptions were sealed. The objections raised at the trial, and afterwards argued in this court, are fully stated in the opinions delivered. Justice Ryerson delivered no opinion, having been of counsel with one of the parties before his appointment.

*Scudder*, for plaintiff in error.

*Haines*, contra.

HORNBLOWER C. J. This was an action of assumpsit. The declaration contains several counts.

But it is only necessary to notice the fourth, which alleges, that on &c. in consideration, that the said Winans would sell to B. M. Williams the right and liberty of making and vending a certain improvement in the cast iron plough, and would procure the order of the said B. M. Williams, on him, the said Williams, for the amount, he would pay him, the said Winans, for the same; and then avers, that he did sell for one hundred and twenty-five dollars, to the said B. M. Williams, that he did procure his order, &c. but that Williams refused payment, &c.

The defendant pleaded the general issue.

On the trial the plaintiff below called one H. K. Winans, as a witness, who testified, that he saw Williams, the defendant, in the street in Newburgh, in the year 1824, about ten days before the witness went to the west; they were speaking about the ploughs; defendant said he had been trying one, and wanted witness to call at his house before he went. Witness told him that his brother R. Winans, the plaintiff, was going to the West for the purpose of selling rights. Witness afterwards went to defendant's house and he told witness to tell plaintiff to reserve two or three counties, Yates, Steuben and Ontario, until after

he had seen his son, B. M. Williams, who lived then in Yates county, and if his son saw fit to have the rights for those counties, and would draw an order on him, he would pay for them. The witness further testified, that he communicated this conversation to his brother R. Winans, the plaintiff, that they the witness and plaintiff went to the west, they there saw B. M. Williams, and the witness told him what his father had said; he, B. M. Williams, took the rights for the counties above named, gave his note and drew an order on his father, the defendant, as stated in the declaration. On his return, the witness says, he saw the defendant, and told him his son had bought the right for the said counties, and had drawn an order on him for one hundred and twenty five dollars, he said, *very well*, or *all right*, or words to that effect. The note and order being shown to the witness, he said he knew the hand writing of the defendant, and took the indorsement on the paper to be in his hand writing. This endorsement is on the back of the paper on which the note and order was written, and is for a partial payment of the amount. On the cross examination the witness stated nothing material for either party. That the said endorsement was in the hand writing of the defendant, was further proved, by another witness, and then the plaintiff offered the note and order, in evidence to the jury. This was objected to by the defendant's counsel, but the objection was overruled, and the evidence admitted. The plaintiff here rested; and the defendant moved to nonsuit the plaintiff. This motion was overruled. The cause was then summed up, and submitted to the jury, and a verdict rendered for the plaintiff. The defendant having excepted to both the points ruled by the court, viz. admitting the note and order to be given in evidence to the jury, and refusing the nonsuit, has prosecuted his writ of error, for a reversal of the judgment below.

Notwithstanding the zeal and learning displayed by the counsel on the argument of this cause, on several questions of law that were supposed to be involved in the case, it appears to me to present little more than mere questions of fact, that were properly submitted to the jury: facts, which if they were proved to their satisfaction, would entitle the plaintiff to recover under the fourth or fifth count in the declaration, if under none of the others.

Williams *v.* Winans.

The first question raised on the argument, is whether a parol acceptance of a draft or bill, will bind the acceptor. And

Second, whether if such an acceptance is good, the facts testified in this case, amount to such an acceptance.

As to the first point, there is at this day no room to doubt. 3 *Kent's Com.* 54; *Lumley* v. *Palmer*, 2 *Str.* 1000; *Powell* v. *Monier*, 1 *Atk.* 612.

The cases cited by the counsel for the plaintiff in error, are not in point. *Simpson* v. *Patton*, 4 *Johns. R.* 422; only proves that a promise to pay the debt of a third person must be in writing, even if there is a sufficient consideration. But here the credit was given to Williams. It was upon his promise to pay, that the patent right was sold to his son. *Leonard* v. *Vredenburgh*, 8 *Johns. Rep.* 29. The promise to accept and pay the order of the defendant's son, was made and communicated to the plaintiff, and if the jury believed that he parted with his property and accepted the order on the faith and credit of that promise, it is within the moral justice as well as the legal rule in such cases, to hold the defendant responsible; 3 *Kent's Com.* 55; *Miln* v. *Prest*, 4 *Camp. Rep.* 393. Again, *Darbeshire* and *al.* v. *Parker*, 5 *East* 10, was a question whether the holders, indorsees of a bill, had not made it their own, by their laches, as between them and the drawer of the bill. But in this case, the defendant, Williams, is the acceptor of the bill, and like the maker of a promissory note, liable in the last resort and bound to pay at all events; 3 *Kent Com.* 56. The holder of a bill need not present it to the drawer for acceptance before the day of payment, or if accepted, he need not present it for payment when it comes to maturity, unless he means to hold the drawer or a prior endorser liable. Again, after the sale of the rights to the son, the defendant was informed of it, and that his son had drawn an order on him for one hundred and twenty five dollars; to which he answered, it was all right, or something to that effect. We afterwards find the instrument in part paid, and the evidence of that payment endorsed upon it in the hand writing of the defendant. These circumstances were proper and legal evidence, from which the jury might infer an acceptance; *Vaughn* v. *Feller*, 2 *Str.* 1246; for it may be

impliedly as well as expressly given—every act giving credit to a bill amounts to an acceptance, 3 *Kent Com.* 55. The endorsement in the hand writing of the defendant is *prima facie* evidence of a payment on account of the order, by him, and therefore evidence of an acceptance. If the payment was made by some one else, and he only acted as the clerk or scribe of the parties, he might and ought to have shown that fact in evidence, and although that endorsement was long after the order was payable, it may be considered either as evidence of a prior acceptance, or an acceptance at that time : an acceptance after the time of payment is good and binds the acceptor, *Wynne* v. *Raikes*, 5 *East* 514. See page 521, and cases there cited.

It was argued by the counsel for the plaintiff in error, that this was not a commercial transaction, and therefore not to be governed by the rules applicable to mercantile paper. Be it so, but then I do not see that it helps the party. In the fourth count the plaintiff below alleges, that in consideration that he would sell certain patent rights to B. M. Williams, and procure his order on the defendant for the amount, the defendant promised that he would accept and pay it; that the plaintiff did sell the rights to the said B. M. Willliams, and obtain his order on defendant for the amount. This is a plain every day transaction ; a valid contract, and if the jury believed from the evidence in the cause, as they lawfully might do, that the plaintiff had complied with it on his part, the defendant was bound to pay according to his promise.

My opinion is, that the judgment must be affirmed.

FORD, J. It appears by the bill of exception, that Ross Winans, having a patent right to a certain cast iron plough, offered to sell it for the three counties of Yates, Steuben and Ontario, in the state of New-York ; and that Richard B. Williams, the defendant below, requested him to offer the right for those three counties, to his, the defendant's son, then residing in Yates ; and if his son should make the purchase, and draw an order for the amount on him, the defendant, that he would pay it. The right for those three counties was accordingly sold to the defendant's son for $125 ; for which he gave the plaintiff his note of hand ; under which he drew an order on his father in the following words : " Dear Father ; Mr. Winans has sold

me the patent rights to Ontario, Yates and Steuben, for one hundred and twenty five dollars, as will be observed by the above note; he remarked it would be more convenient to receive payment at Newburgh, and if it would be equally agreeable to you would oblige me to discharge the above, and pass to my account."

The plaintiff sold this right, for the counties so mentioned, relying on the defendant's promise to pay his son's order on him. This consideration relieves it from being a *nudum pactum;* he received this bill upon the promise previously made. It is objected that he has not laid any count that will embrace these facts; but I think the fourth will cover it very fully; it states that in consideration the plaintiff would sell to the son of the defendant the right now in question, and procure his order for the amount, the defendant would pay it; it then avers a sale of the identical right to the person thus mentioned, and that the precise order was drawn by the son on the defendant as agreed; by reason of which premises the defendant became liable to pay the said bill, &c. This count is legally sufficient upon the facts therein stated; and the case contains all the facts. On this point, therefore, the court did right to receive the note and order in evidence.

It is next insisted, that a promise to accept a bill, before it is drawn, is not binding on the promissor. But in *Pillans* v. *Van Meirop, Burr.* 1663, it was supported by the whole court. In 3 *Kent's Com.* 55, the author says, "It is *settled*, that a promise to accept, made before the acceptance of the bill, will amount to an acceptance in favor of the person to whom the promise was communicated, and who took the bill on the credit of it." This principle is sustained in *Payson* v. *Coolidge*, 2 *Wheat.* 66; *Goodrich* v. *Gordon*, 15 *Johns.* 6; and *Wilson* v. *Clements*, 3 *Mass.* 1. After all the cases in England, of *Johnson* v. *Collings*, 1 *East*, 98, and others referred to in *Chit. on Bills*, 168, Gibbs, C. J. affirmed the same principle in 1 Holt, Cm. P. 181. According to all the foregoing cases the plaintiff was entitled to recover; the promise was communicated to him, and he disposed of his right and received the order in consequence of it. The judgment is right and must be affirmed.        Judgment affirmed.